```
                   UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF TENNESSEE
                       COLUMBIA DIVISION
```

ANTHONY COLEMAN,                )
                                )
        Plaintiff,              )  Case No. 1:09-0092
                                )  Judge Trauger/Bryant
        v.                      )
                                )
TERRESSA MADDOX, et al.,        )
                                )
        Defendants.             )

**TO: The Honorable Aleta A. Trauger**

### REPORT AND RECOMMENDATION

On December 23, 2009, plaintiff Anthony Coleman, then confined as an inmate in the Giles County Jail, filed his pro se civil rights complaint (Docket Entry No. 1), along with his application to proceed in forma pauperis (Docket Entry No. 2).

On January 20, 2010, the Court granted plaintiff's application to proceed in forma pauperis and, among other things, instructed the Clerk to send the plaintiff a service packet for each defendant. According to the Court's order, the plaintiff was required to complete the service packets and return them to the Clerk's office within twenty (20) days of receipt (Docket Entry No. 8).

The mail from the Clerk's office to the plaintiff, including the Court's January 20, 2010, order and the service packets, was refused (Docket Entry Nos. 10 and 11).

By letter dated January 27, 2010, received by the Clerk on February 1, 2010, the Giles County Sheriff's Department advised

that plaintiff Coleman was released from custody on January 14, 2010. This letter also included a forwarding address for plaintiff Coleman (Docket Entry No. 12).

On February 2, 2010, the Clerk mailed a copy of the Court's previous order and service packets to the plaintiff at the new address supplied by the Giles County Sheriff's Department. On February 8, 2010, this mail was returned to the Clerk as undeliverable (Docket Entry No. 14).

It appears from the record that the plaintiff, now released from custody in Giles County, has failed to keep the Clerk apprised of his current mailing address. The Court's previous order (Docket Entry No. 8) admonished the plaintiff that his failure to keep the Clerk notified of his current mailing address could jeopardize his prosecution of this action. Despite this admonition, it appears that the plaintiff has failed to provide his current mailing address to the Court.

In summary, the undersigned Magistrate Judge finds that plaintiff Coleman has failed to return service packets for the defendants as ordered by the Court, has failed to keep the Clerk notified of his current mailing address, and has otherwise failed to prosecute this action. Therefore, the undersigned Magistrate Judge finds that plaintiff Coleman's complaint should be **DISMISSED** without prejudice for failure to prosecute.

2

**RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that plaintiff's complaint be **DISMISSED** without prejudice for failure to prosecute.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'q denied, 474 U.S. 1111 (1986).

**ENTERED** this 2nd day of April 2010.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge
